UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 08-14002-CR-MOORE/LYNCH

UNITED STATES OF AMERICA,

    Plaintiff,

v.

CATAVIS JACKSON,

    Defendant.
_____/



FILED by _____ D.C.

JAN 25 2008

CLARENCE MADDOX
CLERK U.S. DIST. CT.
S. D. OF FLA.

## REPORT AND RECOMMENDATION ON DEFENDANT'S MOTION TO DISMISS OR ELECT COUNTS [D.E. #23]

**THIS CAUSE** having come on to be heard upon the aforementioned motion and this Court having reviewed the motion, the government's response, and otherwise being advised in the premises, makes the following recommendations to the District Court:

1. The Defendant has filed a Motion To Dismiss Or Elect Counts. He is charged in Count One of the Indictment with possession of ammunition by a convicted felon, in violation of Title 18, United States Code, Sections 922(g)(1) and 924(a)(2). In Count Two of the same Indictment, the Defendant is charged with possession of a machine gun, which was a firearm not registered to him in the National Firearms Registration And Transfer Record, in violation of Title 26, United States Code, Sections 5861(d) and 5871.

2. The motion alleges that these counts are multiplicitous in that they charge a single offense in more than one count. The Defendant seeks dismissal of Count Two or in the alternative, entry of an order requiring the government to elect between Counts One and Two for prosecution and to dismiss the remaining count after such election by the government.

3.   Based upon the facts alleged in the criminal Complaint issued by this Court as well as the evidence heard by this Court at the Detention Hearing in this case, this Court feels that it has a fairly good understanding of the factual basis underlying the Defendant's arrest. The charges arise from evidence found during the execution of a State search warrant on the Defendant's residence. During that search, an Interdynamic KG-99, which had been converted to be a fully automatic weapon, was found in a night stand in the one room apartment occupied by the Defendant. Also found in a dresser drawer in the same room was ammunition. It is noted in this Court's Detention Order that the evidence adduced at the hearing indicated that the ammunition did not fit the firearm in the night stand and that the firearm was not loaded. This Court also recalls Agent Barborini testifying that the room where the evidence was seized was a very small one room apartment.

4.   The government's response alleges that the charges are not multiplicitous in that the Indictment charges the Defendant with two separate violations of separate federal statutes, each of which contain different and distinct elements. The government alleges that the charge in Count One of possession of ammunition by a convicted felon is a violation under Title 18, United States Code, Section 922(g)(1). The government submits that it is required to establish that the Defendant knowingly possessed ammunition in or affecting interstate commerce, and that prior possessing said ammunition, that the Defendant had been convicted of a crime punishable by imprisonment for a term exceeding one year.

5.   Further, the government's response states that in respect to Count Two, the Defendant is charged under a different statute, that being Title 26, United States Code,

Section 5861(d). The government submits that in order to obtain a conviction under that count, it must establish that the Defendant possessed a firearm as defined in the applicable statutes, that the firearm was not registered to this Defendant in the National Firearms Registration And Transfer Record, and finally that the Defendant knew of the specific characteristics or features of the firearm that caused it to be required to be so registered.

6.  The Defendant cites to United States v. Grinkiewicz, 873 F.2d 253 (11th Cir. 1989) in support of his argument that these charges are duplicitous. In Grinkiewicz, the defendant was charged in an eight count indictment. The opinion appears to reflect that the defendant was charged with two counts of possession and selling an unregistered short barreled shotgun, in violation of Title 26, United States Code, Sections 5861(d) and 5861(e). The opinion also references the defendant being charged with six counts (violations) relating to the "simultaneous possession of several weapons" which were purportedly all seized from the defendant's place of business and all seized at the same time. This Court notes that the opinion in Grinkiewicz refers to "eight counts of violating 18 U.S.C.A. § 922(g)(1)." However, it appears from the facts that there were only six weapons seized which were the subject of what appears to be Counts Three through Eight of the Indictment charging the defendant with possession of a firearm by a convicted felon. This Court assumes that Counts One and Two related to the separate offenses charged of selling an unregistered short barreled shotgun as cited above.

7.  Nonetheless, the Eleventh Circuit specifically held that since the weapons seized from the business were all seized at the same time from areas in the same building, that the defendant simultaneously possessed those weapons and was improperly given

3

separate sentences on those convictions relating to possession of a firearm by a convicted felon. The opinion does not hold that the defendant cannot be charged in the same indictment with possessing and selling an unregistered short barreled shotgun, in violation of Title 26, United States Code, Sections 5861(d) and 5861(e) arising from the same facts. Rather, the opinion in Grinkiewicz simply establishes that the charges of possession of a firearm by a convicted felon constituted simultaneous possession and the defendant could receive only one sentence in regard to those six counts. Therefore, the sentences as to Counts Three through Eight, which this Court assumes were the possession of a firearm by a convicted felon counts, were vacated and the case was remanded for sentencing. The holding in the Grinkiewicz case as limited to not permitting separate sentences and/or by inference, separate charges of simultaneous "possession" of firearms by a convicted felon under such a factual situation as is presented in the Grinkiewicz case.

8. In the case before this Court, the evidence clearly shows that Mr. Jackson possessed the ammunition and the machine gun at the same time. However, he is not charged with possession of ammunition by a convicted felon and possession of a firearm by a convicted felon. He is charged only with possession of ammunition by a convicted felon. The crime alleged in Count Two is possession of a firearm, being a machine gun, which was not properly registered as required by a different statute, that being Title 26, United States Code, Sections 5861(d) and 5871.

9. This is very similar to the facts in the Grinkiewicz case where the defendant was charged with possession of a firearm by a convicted felon, in violation of 18 U.S.C. § 922(g)(1) and also charged with a violation under 26 U.S.C. § 5861. Nothing in Grinkiewicz prohibits nor even infers prohibition of charging an individual with crimes under these two

4

separate statutes. In fact, in <u>Grinkiewicz</u>, the defendant was sentenced for convictions under both statutes, albeit only for one sentence in respect to the six simultaneous possessions of a firearm by a convicted felon and separate sentences for the 26 U.S.C. § 5861 convictions.

10. In <u>Baker v. Gearinger</u>, 293 F.3d 1353 (11th Cir. 2002), the court held that where the same act or transaction constitutes a violation of two distinct statutory provisions, the appropriate test to be applied to determine whether there are two offenses or only one, is whether each provision requires proof of an additional fact which the other does not. In <u>Baker</u>, the appellate court upheld the defendant's conviction of both child molestation and aggravated child molestation due to the fact that the statutes under which he was charged were separate, distinct and required separate elements of proof.

11. Likewise, in <u>United States v. Costa</u>, 947 F.2d 919 (11th Cir. 1999), the court affirmed the defendants' three convictions for importing cocaine. The court held that those convictions did not constitute multiplicitous convictions for the same offense even if the cocaine started as one load and ultimately ended up in the United States as one lump sum where the facts established that three separate boats brought the loads of cocaine into the State of Florida. The court held that the government was free to charge the defendants with importing three distinct quantities of cocaine in three separate vessels.

12. In <u>United States v. Winchester</u>, 916 F.2d 601 (11th Cir. 1990), the court referred to the decision of the United States Supreme Court in <u>Blockburger v. United States</u>, 284 U.S. 299 (1932), wherein the Supreme Court held that the appropriate test in such a situation where the same act or transaction is charged as a violation of two distinct statutes, is whether each provision requires proof of a fact which the other does not. The

court in Winchester went on to hold that the defendant having been charged under two subheadings of 18 U.S.C. § 922, being § 922(g)(1) and § 922(g)(2), could not receive two sentences for what was essentially a single incident. This Court points out the Winchester decision to establish the distinction between an individual charged under two subheadings of the same statute as opposed to the situation before this Court in which the Defendant Jackson is charged with two separate offenses under two distinct statutes requiring different elements of proof.

13.   For purposes of persuasive authority only, this Court refers to United States v. Reddick, 231 Fed. Appx. 903 (11th Cir. 2007) and United States v. Gonzalez, 244 Fed. Appx. 316 (11th Cir. 2007), in support of the Eleventh Circuit's adherence to the Blockburger test which permits separate convictions and sentences where a same act or transaction constitutes a violation of two distinct statutory provisions with each provision requiring proof of an additional fact which the other does not.

14.   In Reddick, the Eleventh Circuit found permissible separate convictions and sentences for armed robbery and Hobbs Act robbery since the offenses were charged under separate statutes and required different elements of proof. Similarly in Gonzalez, the Eleventh Circuit upheld separate convictions and sentencings for providing heroin to an inmate and possession of heroin as an inmate. The court stated that where each offense required proof of a fact not required by the other, such separate convictions and sentences were permissible.

15.   This Court points out to the parties that the issue of sentencing is not before this Court and may be an issue should the Defendant Jackson ever be convicted of any of the offenses charged in this Indictment. This Court does not mean to preclude any

arguments nor make any specific evidentiary findings which would have any relationship to any possible sentence the Defendant Jackson could receive in this case. Those would be a separate issues which the District Court would have to address at the time of sentencing, if it ever gets to that point. However, it is clear that the Defendant is charged with two separate offenses pursuant to two separate statutes requiring proof of different elements. The fact that they occurred at or about the same time within a single room apartment, does not preclude the government from charging the Defendant with these separate offenses in the present Indictment.

**ACCORDINGLY**, this Court recommends to the District Court that the Defendant's Motion To Dismiss Or Elect Counts [D.E. #23] be **DENIED**.

The parties shall have ten (10) days from the date of this Report and Recommendation within which to file objections, if any, with the Honorable K. Michael Moore, United States District Judge assigned to this case.

**DONE AND SUBMITTED** this 25th day of January, 2008, at Fort Pierce, Northern Division of the Southern District of Florida.

FRANK J. LYNCH, JR.
UNITED STATES MAGISTRATE JUDGE

Copies furnished:
Hon. K. Michael Moore
AUSA Rinku Talwar
AFPD Robin Rosen-Evans